69 N.J. Super. 163 (1961)
174 A.2d 1
LOUIS GOTTFRIED, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
TEMEL'S RESTAURANT, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1961.
Decided September 26, 1961.
*164 Before Judges GOLDMANN, FOLEY and LEWIS.
Mr. John T. Mooney argued the cause for appellant and cross-respondent (Messrs. Hein, Smith & Mooney, attorneys).
Mr. Newton M. Roemer argued the cause for respondent and cross-appellant (Mr. Harry S. LaPoff, attorney; Mr. Roemer, on the brief).
PER CURIAM.
Defendant appeals from a judgment in plaintiff's favor in the amount of $4,250 for injuries suffered while a patron in defendant's restaurant. The jury returned a special verdict for plaintiff in the sum of $8,500, and the trial judge credited defendant with 50% of that sum, representing the pro rata share of Hartgrove (the joint tortfeasor who actually inflicted the injuries), pursuant to the Joint Tortfeasors Contribution Law, N.J.S. 2A:53A-1 et seq. The accordant $4,250 judgment was then entered. Plaintiff cross-appeals from that part of the judgment crediting defendant with a 50% pro rata share and contends that defendant is liable for $6,000. This is the difference between the $8,500 verdict and $2,500 which, it was established at the trial, plaintiff received by way of settlement from Hartgrove, the joint tortfeasor. Plaintiff's argument is that defendant made no claim for contribution against *165 Hartgrove, and so was entitled to an allowance of only the amount Hartgrove paid.
The trial court's granting of a 50% credit was clearly correct, since it followed the formula laid down by the Supreme Court in Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 92-93 (1954). See also, Oliver v. Russo, 29 N.J. 418, 420 (1959); Smootz v. Ienni, 37 N.J. Super. 529 (Cty. Ct. 1955). Plaintiff does not challenge the Judson formulation, but insists that it should not have been applied because defendant failed to assert a claim for contribution against Hartgrove. Plaintiff cites us to no authorities for this proposition, nor does he cite any section of the Joint Tortfeasors Contribution Act or of our rules of court which require defendant to do so.
We might note, incidentally, that the amount of plaintiff's settlement with Hartgrove did not come out until cross-examination of plaintiff at the trial, despite the fact that one of the interrogatories propounded to him by defendant, if fully answered, would have given defendant this information.
Defendant's point on the main appeal is that plaintiff's proofs did not present a jury question. The proofs touching defendant's alleged negligence were in clear conflict. The trial judge properly submitted to the jury the determination of the fact issues relating to the conduct of the parties, and whether such conduct under the existing circumstances created an unreasonable and foreseeable risk of harm to plaintiff. See Reilly v. 180 Club, Inc., 14 N.J. Super. 420, 424 (App. Div. 1951). In appraising the validity of a ruling on a motion for judgment, all of plaintiff's evidence must be taken as true and he must be given the benefit of all reasonable inferences to be drawn therefrom. If reasonable men could differ as to whether negligence had been shown, the case should be submitted to the jury for determination. Cafone v. Spiniello Construction Co., 42 N.J. Super. 590, 598-599 (App. Div. 1956).
The judgment is affirmed.