RITA YOUNG, PLAINTIFF, v. JULIUS STEINBERG AND COSMO BOOK DISTRIBUTING CO., DEFENDANTS.

WARREN STEINBERG, DEFENDANT-APPELLANT, v. CAROLINE MAGLE, DEFENDANT-RESPONDENT.

Argued December 16, 1968—Decided February 6, 1969.

254

*Mr. William T. McElroy* argued the cause for defendant-appellant (Messrs. *Pindar, McElroy, Connell & Foley,* attorneys; *Sonia Napolitano* on the brief).

*Mr. John J. Gaffey* argued the cause for defendant-respondent (*Messrs. Gaffey, Webb & McDermott,* attorneys; *Mr. John J. Gaffey* on the brief).

The opinion of the court was delivered

PER CURIAM. ▮ We reverse the judgment of the Appellate Division substantially for the reasons set forth by Judge Foley in his dissenting opinion. 100 *N. J. Super.* 507, 514 (1968). We find no reason to constrict the meaning of the term "money judgment" in the Joint Tortfeasors Contribution Law so as to exclude consent judgments (*N. J.*

*S. 2A :53A*–3). See *Carolina Coach Company v. Cox*, 337 *F. 2d* 101 (*4th Cir.* 1964), *Callihan Interests, Inc. v. Duffield*, 385 *S. W. 2d* 586 (*Tex. Ct. Civ. App.* 1965), construing statutes similar to ours. Rather contribution is to be encouraged, as it is grounded in principles of fairness and equitable distribution of liability. *Sattelberger v. Telep*, 14 *N. J.* 353, 367–368 (1954). A suit for contribution based on a settlement which has been elevated to the status of a judgment by formal court proceeding, and which discharges the injured party's claim against a non-settling joint tortfeasor, comports with the intent of our statutory scheme.

We cannot agree with Judge Foley, however, if he is suggesting that the non-settling joint tortfeasor, Magle, must initiate an action against the settling joint tortfeasor, Steinberg, and bear the burden of proving the unreasonableness of the amount of the consent judgment. In a contribution proceeding it is fundamental that an alleged joint tortfeasor must have his day in court as to both liability and damages. "It is incumbent on the contribution claimant * * * to establish a common liability for the wrongful act, neglect or default made the basis of the judgment and the *quantum* of the damages ensuing from the joint offense." *Sattelberger, supra*, at 367. In the present case, joint liability has been established, but Magle has not participated in any determination of the injured party's damages. Therefore, in Steinberg's cross-claim for contribution Steinberg must bear the burden of establishing the reasonableness of the amount he paid pursuant to the consent judgment. See *Swartz v. Sunderland*, 403 *Pa.* 222, 169 *A. 2d* 289 (1961); cf. *Restatement, Restitution*, § 86, comment d; but see, *Consolidated Coach Corp. v. Burge*, 245 *Ky.* 631, 54 *S. W. 2d* 16, 85 *A. L. R.* 1086 (1932). If at the trial the money judgment paid by Steinberg is found to be reasonable compensation for the injuries and losses sustained (on the hypothesis, of course, that liability had been established) judgment should be entered for him on his cross-claim. On the other hand, if the consent judgment is found to be

unreasonable, *i. e.*, more than reasonable compensation for the plaintiff's injuries on the thesis that Magle is liable to the plaintiff, judgment should be entered for such sum as is determined to represent Magle's *pro rata* share of what would have been reasonable compensation for the plaintiff's injuries at the time of the entry of the consent judgment.

The judgment of the Appellate Division is reversed and the matter is remanded to the trial court for proceedings and disposition in accordance with this opinion.

*For reversal*—Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For affirmance*—None.