233 N.J. Super. 520 (1989)
559 A.2d 465
STEVEN YOUNG, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
RICHARD S. LATTA, D.O., DEFENDANT-RESPONDENT AND CROSS-APPELLANT, AND CARMEN ALAMENO, M.D., BURDETTE TOMLIN MEMORIAL HOSPITAL, A NEW JERSEY CORPORATION, JAMES MANLANDRO, D.O., AND ABC CORPORATION, SAID NAME ABC CORPORATION BEING FICTITIOUS, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1988.
Decided June 7, 1989.
*521 Before Judges GAULKIN, R.S. COHEN and ARNOLD M. STEIN.
Pellettieri, Rabstein and Altman, attorneys for appellant and cross-respondent (Richard M. Altman and E. Elizabeth Sweetser, of counsel; E. Elizabeth Sweetser on the brief and responding brief).
George & Korin, attorneys for respondent and cross-appellant (Jay J. Blumberg, on the brief and reply brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
The novel question presented by this appeal is whether the negligence of both a settling tortfeasor and a non-settling tortfeasor may be decided by the jury in the absence of a claim for contribution by the non-settler. We agree with the trial judge and answer in the affirmative.
The essential facts are not in dispute. On August 12, 1983, plaintiff fell from the boardwalk in Wildwood to the street below, injuring his head and face. He was taken to Burdette Tomlin Memorial Hospital, where he was first attended in the *522 emergency room by Dr. Latta. After an initial examination and review of X-rays, Dr. Latta called Dr. Alameno, the general staff surgeon then on call. Alameno authorized plaintiff's hospitalization. Plaintiff remained under Alameno's care until his discharge from Burdette Tomlin on August 14, 1983. On August 15, plaintiff was admitted to Princeton Medical Center, where a diagnosis was made of injury to the right optic nerve, resulting in permanent damage to and blindness in the right eye.
Plaintiff first sued Alameno and the hospital, claiming that their negligence caused the loss of vision in his right eye. Both defendants cross-claimed against each other, seeking contribution and indemnification.
By amended complaint, plaintiff then added as defendants Latta, Dr. Manlandro and the ABC Corporation, a fictitious entity.
Alameno cross-claimed for contribution and indemnification against Latta and Manlandro, who filed a joint answer to the amended complaint. They did not cross-claim against Alameno for contribution or indemnification.
Summary judgment was later entered in favor of Manlandro. Just before trial, plaintiff settled with Alameno for $20,000 and dismissed with prejudice his claim against the hospital. This left Latta as the only remaining defendant at the time of trial.
Over objection of plaintiff's attorney, the trial judge instructed the jury to decide negligence and causal relationship as to both Alameno, the settling defendant, and Latta, the non-settler. Special interrogatories were submitted to the jury. The jury found both doctors at fault, fixed damages at $150,000, and assessed negligence at 80% for Alameno and 20% for Latta. The trial judge molded the verdict, awarding judgment against Latta in the amount of $30,000. The judge assessed prejudgment interest against Latta from May 10, 1984, the date that plaintiff filed the original complaint which did not name Latta as a party defendant.
*523 Plaintiff appeals, contending that because of Latta's failure to cross-claim against Alameno for contribution, the jury should not have considered the negligence of Alameno, the settling co-defendant. Latta cross-appeals, arguing that prejudgment interest should have been assessed against him only from the date that he was made a party defendant in the amended complaint.

1.
If the trial judge was correct in instructing the jury to decide the negligence of both the settling and non-settling defendants, plaintiff's recovery, exclusive of interest, is $50,000: $20,000 from the settler Alameno, and $30,000 from Latta, the non-settler (20% of $150,000).
Without Alameno's negligence submitted to the jury, plaintiff's recovery, exclusive of interest, is $170,000: $20,000 from Alameno, plus $150,000, the total verdict proceeds, from Latta. Alternatively, plaintiff argues that Latta should at most receive a credit for the $20,000 paid plaintiff from Alameno, leaving Latta to pay $130,000. Plaintiff would thus receive $150,000, the amount of the jury verdict.
We conclude that the trial judge was correct in submitting the negligence of the settling and non-settling defendants to the jury, and thereafter molding the verdict in accordance with the jury's allocation of fault between these two defendants.
The Comparative Negligence Act (N.J.S.A. 2A:15-5.1 et seq.) directs in N.J.S.A. 2A:15-5.2 "[i]n all negligence actions in which the question of liability is in dispute," the trier of fact shall determine "the full value of the injured party's damages" (subsection a) and also
The extent, in the form of a percentage, of each parties' negligence. The percentage of negligence of each party shall be based on 100% and the total of all percentages of negligence of all the parties to a suit shall be 100%. (subsection b).
*524 The judge shall thereupon "mold the judgment from the finding of fact made by the trier of fact." (subsection c).[1]
The essential question is whether Alameno is one of the "parties" to the litigation whose negligence is to be assessed by the fact finder and included in the judge's molding of the verdict. Both plaintiff and Latta agree, that, if Latta had cross-claimed against Alameno, Alameno would be such a "party." Rogers v. Spady, 147 N.J. Super. 274 (App.Div. 1977) so held:
[W]hen a claimant settles with a codefendant, that percentage of negligence found attributable to the settling codefendant will be deducted from the verdict returned against the other codefendants found liable, i.e., the remaining joint tortfeasors will be liable for that percentage of negligence attributable to them. [at 277].
See also Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 569 (1980); Tefft v. Tefft, 192 N.J. Super. 561, 566 (App.Div. 1983); Dimogerondakis v. Dimogerondakis, 197 N.J. Super. 518, 522 (Law Div. 1984). That result occurs even though as a matter of law the settlement dismisses not only the plaintiff's claims but also all crossclaims against the settling defendant. Cartel Capital Corp., 81 N.J. at 569; cf. Theobald v. Angelos (Theobald II), 44 N.J. 228, 232, 241 (1965).
Plaintiff argues for a different result where the non-settling defendant has not cross-claimed against the settling defendant. He asserts that the Joint Tortfeasors Contribution Law (N.J.S.A. 2A:53A-1 et seq.) permits contribution among joint tortfeasors only in "actions for contribution" (N.J.S.A. 2A:53A-4) and that R. 4:7-5(b) also requires a defendant to "assert a claim for contribution." Plaintiff accordingly urges that Latta, as a non-settling defendant, is barred from contribution in the absence *525 of pleading such a cross-claim. We find the contention unpersuasive because contribution is not in issue where one tortfeasor has settled and another has not.
A non-settling defendant can never seek contribution against a settling defendant. As we have already said, even if the non-settler has cross-claimed for contribution, that claim is dismissed as a matter of law upon the settlement. Tefft v. Tefft, supra, 192 N.J. Super. at 570. The right to contribution arises only when a party is "compelled to pay more than such party's percentage share." N.J.S.A. 2A:15-5.3. What the non-settling defendant seeks is not contribution, but a molding of the verdict to reflect his or her own proportionate liability in keeping with the Comparative Negligence Act. Neither the letter nor the spirit of the Joint Tortfeasors Contribution Law is offended by thus giving effect to the Comparative Negligence Act. Both statutes are designed to provide for an equitable allocation of burden among tortfeasors. Both statutes would be pointlessly frustrated if such allocation were unavailable simply because a defendant failed to plead a cause of action which is barred to him in any event. Our pleading rules should not be read to yield such an unseemly result.[2]Cf. Gottfried v. Temel's Restaurant, Inc., 69 N.J. Super. 163 (App.Div. 1961) (pre-comparative negligence case holding that failure to assert a claim for contribution against a settling tortfeasor did not deprive the non-settling defendant of the right to a 50% pro rata credit).
Our ruling does not give license to a non-settling defendant to assert liability of a settling defendant without fair and timely notice. Where a defendant has not alleged liability of a *526 co-defendant either by pleading or in discovery, he may well be foreclosed from presenting proofs or argument to implicate the co-defendant. See, e.g., R. 4:10-2; R. 4:17-4(c); R. 4:17-7. And, if no issue of fact is properly presented as to the liability of the settling defendant, the fact finder cannot be asked, under N.J.S.A. 2A:15-5.2 or otherwise, to assess any proportionate liability against the settler.

2.
The trial judge incorrectly applied prejudgment interest against defendant Latta's share of the verdict from May 10, 1984, the date when the original complaint was filed, rather than August 12, 1985, when Latta was first joined by amended complaint as a party defendant. R. 4:42-11(b) provides for the imposition of prejudgment interest in tort actions "from the date of the institution of the action or from a date six months after the cause of action arises...." The rule contemplates that prejudgment interest runs against a particular defendant from the date that the action is instituted against that particular defendant.
We reverse that portion of the judgment of the Law Division which awarded prejudgment interest against defendant Latta from the date of filing of the original complaint, rather than from the date that Latta was named as a party defendant. In all other respects the judgment is affirmed. We remand the matter to the Law Division for entry of judgment consistent with this opinion.
R.S. COHEN, J.A.D., dissenting.
I disagree with the majority, in summary, because:
(1) A defendant's right to contribution is a cause of action which can be asserted or not, as defendant chooses;
(2) The Comparative Negligence Act does not substitute an automatic right to contribution but only changes the method of calculation;
*527 (3) The reason that settling with one defendant reduces plaintiff's recovery from another is that the settlement deprives the non-settler of a claim for contribution from the settler;
(4) Dr. Latta and his lawyer decided not to file a claim for contribution against Dr. Alameno, the settler. The settlement therefore did not deprive Latta of any claim, and thus should not reduce plaintiff's recovery from Latta.
At common law, a tortfeasor was liable for all of plaintiff's damages, and had no right to contribution from a joint tortfeasor. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 87-89 (1954). Thus a plaintiff could choose where to place the burden of a common fault. Markey v. Skog, 129 N.J. Super. 192, 199 (Law Div. 1974). The Joint Tortfeasors Contribution Law was enacted in 1952 to remedy this traditional injustice. N.J.S.A. 2A:53A-1 et seq.; Polidori v. Kordys, Puzio & Di Tomasso, 217 N.J. Super. 424, 429 (App.Div. 1987). It announced that a joint tortfeasor "shall be entitled to recover contribution" from other joint tortfeasors. N.J.S.A. 2A:53A-3, and speaks of "actions for contribution commenced." N.J.S.A. 2A:53A-4. The statute does not create a new self-executing entitlement to contribution, but rather a cause of action, a right to make a claim. See Wm. Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277, 296 (App.Div.), certif. den. 75 N.J. 528 (1977).
Prosecution of a claim for contribution is regulated by court rules. R. 4:7-5(b) governs cross-claims for contribution and how they shall be pleaded. It starts, "[a] defendant shall assert a claim for contribution...." It uses the language, "[i]f a claim for contribution ... is made." R. 4:7-5(c) sets a 90-day limit for filing cross-claims as of right.
R. 4:8-1(a) governs third-party complaints for contribution. It gives a defendant 30 days to serve a non-party "who is or may be liable to him for all or part of the plaintiff's claim against him."
*528 R. 4:37-2(c) deals with involuntary dismissals at trial of claims for contribution. The text does not bear on our problem, but the introductory language does. It starts, "When a claim for contribution has been asserted pursuant to R. 4:7-5...."
These rules deal with the filing of pleadings in lawsuits. If the right to contribution and thus to comparison of fault with another tortfeasor were automatic, self-executing and independent of pleadings, there would be little point in limiting the time for such pleadings, or discussing "if" or "when" they are filed.
R. 4:7-5 refers to the mandatory joinder rule, R. 4:27-1(b). It thus requires assertion of cross-claims for contribution in the main action on pain of bar by the entire controversy rule. Wm. Blanchard Co. v. Beach Concrete Co., Inc., supra, 150 N.J. Super. at 296; Pressler, Current New Jersey Court Rules, Comment R. 4:7-5, at 749 (1988). If such cross-claims are barred unless timely asserted, it seems at least odd to give defendant the protection afforded by a claim for contribution which he decided not to assert.
The point is that causes of action are asserted by pleadings which parties may or may not choose to file. The purpose of cross-claiming for contribution is to avoid the danger of paying more than one's share of plaintiff's damages. No defendant is compelled, however, to make a claim for contribution. If two defendants choose not to file cross-claims against each other, they are not entitled to contribution. I do not understand why we should give one of them the protection he declined to seek just because the other settles with plaintiff.
A plaintiff who settles with a defendant must give a non-settling defendant credit because there is a judge-made rule which, as a matter of policy favoring settlements, bars a claim for contribution against settling defendants. Judson v. Peoples Bank and Trust Co., 25 N.J. 17, 35 (1957); Theobald v. Angelos, 44 N.J. 228, 237-238 (1965). It is a trade-off. If contribution claims survived, settlements would lose their attraction. We thus give a settling defendant immunity from *529 contribution claims. But that leaves a surviving defendant potentially holding the whole bag. Because plaintiff's settlement has deprived the non-settling defendant of the protection afforded by the contribution claim, we compensate by reducing plaintiff's recovery, pro rata under the Joint Tortfeasor's Contribution Law, N.J.S.A. 2A:53A-3, pro tanto under the Tort Claims Act, N.J.S.A. 59:9-3, or by percentages of responsibility under the Comparative Negligence Act, N.J.S.A. 2A:15-5.2.
A defendant has no right to contribution from a non-party or a party found not to be a tortfeasor. See Ramos v. Browning Ferris Industries, 103 N.J. 177 (1986). If plaintiff settles with a non-party or with a party found not to be a tortfeasor, the surviving defendant gets no credit. Rogers v. Spady, 147 N.J. Super. 274, 277-278 (App.Div. 1977). Thus, in a one-defendant case where another potential defendant settled with plaintiff before suit, there would be no call for a comparative negligence verdict or percentage credit to the one defendant. The reason is that there never was a viable claim for contribution, and therefore the settlement did not deprive defendant of anything. So here, if defendant decides not to file a cross-claim, he gives up any right to contribution from co-defendant. A settlement between plaintiff and co-defendant therefore deprives him of nothing and therefore should not earn him a credit.
The Law Division's contrary holding rests on two foundations. The first is Gottfried v. Temel's Restaurant, Inc., 69 N.J. Super. 163 (App.Div. 1961). Gottfried is a pre-comparative-negligence holding that a defendant who did not cross-claim for contribution against a settling defendant was still entitled to credit on the verdict. The opinion covers this issue tersely and without explanation. It has never been cited in a reported case in New Jersey or elsewhere for the unexplained holding. It has had no effect that I know of on daily practice in the court-houses. The majority has properly relegated Gottfried to a "Cf."
*530 The second foundation is the Comparative Negligence Law, N.J.S.A. 2A:15-5.1 et seq. The majority also relies upon it. I understand the position to be that the Act requires a comparison verdict even though no claim for contribution was made. I do not see that in the statutory language or purpose. The purpose was to abolish the harsh doctrine of contributory negligence, and substitute comparative negligence. The effect on contribution is to measure it by percentages of responsibility instead of numbers of culpable parties. Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548 (1980); Rogers v. Spady, 147 N.J. Super. 274, 277 (App.Div. 1977).[1] The Act does not purport to create a statutory right to comparison or contribution without pleadings.
N.J.S.A. 2A:15-5.2 requires the trier of fact "[i]n all negligence actions in which the question of liability is in dispute" to compare in percentages "the negligence of each party."
"Actions in which the question of liability is in dispute" do not include all actions in which a defendant is alleged to be liable. Instead, they are only those actions in which the percentages of negligence have been put in issue by pleadings filed by the parties. For example, in a simple two-party case in which defendant's answer denies negligence but does not make the affirmative defense that plaintiff was negligent, "the question of liability is in dispute," but there is no occasion for percentage fault comparison. The outcome of the case does not require a verdict in numbers, because there is no issue in the case which calls for comparison. So also, if two defendants are charged with negligence, but neither charges plaintiff with negligence or asserts a claim for contribution against the other, "the question of liability is in dispute" but there is no issue which calls for comparison. Thus, negligence is not to be *531 compared in every case where "liability is in dispute," but only in those cases in which the percentages of negligence of the parties have been put in issue by filed pleadings.
I do not understand my colleagues to disagree about this. But they step around it by saying, "What the non-settling defendant seeks is not contribution, but a molding of the verdict to reflect his or her proportionate liability in keeping with the Comparative Negligence Act." Of course that is so. The question remains, however, whether he is entitled to a molding of the verdict. The Act itself does not give him that right, and, in my view, he does not have it if he purposely declined to assert the contribution claim which would give it to him.
N.J.S.A. 2A:15-5.2(c) requires the judge to "mold the judgment from the finding of fact made by the trier of fact." The then current version of N.J.S.A. 2A:15-5.3 awarded plaintiff the "full amount of the molded verdict from any party [not barred]," and continued, "[a]ny party who is so compelled to pay more than such party's percentage share may seek contribution from the other joint tortfeasors." Two things stand out. Plaintiff recovers full damages (reduced by plaintiff's negligence) from any liable party. An overpaying defendant "may seek" contribution. That is peculiar language indeed if it was meant to create an automatic right to apportionment and do away with the need to assert a claim for contribution.
This conclusion is confirmed by the 1987 amendment to N.J.S.A. 2A:15-5.3. L. 1987, c. 325, § 2. Now, except in environmental tort actions, plaintiff can recover full damages from any party found to be 60% or more responsible, full economic damages plus the percentage of noneconomic damages from any party found more than 20% but less than 60% responsible, and only the percentage of damages from any party found 20% or less responsible. The statutory limitations on joint and several liability are automatic. A defendant does not have to claim them and there is no apparent way to waive *532 them. The original language at the end of the provision, however, survives. It still says that an overpaying defendant "may seek" contribution, and does not make it automatic. If contribution is not automatic, neither should be credit in the event of settlement.
The practical effect of our decision is pretty much limited to medical malpractice cases. Apparently many well-counselled physicians prefer not to cross-claim against each other for contribution and create a trial confrontation in which they accuse each other of malpractice for the ultimate benefit of plaintiff. That professional courtesy is permissible and perhaps tactically sound. The physicians' reluctance to discuss each other's faults disappears, however, when one of them settles with plaintiff. Once he buys his peace, he becomes the target of his colleagues' criticism. It cannot hurt him, and it can surely help them, especially after plaintiff has developed a trial strategy that is unsuited to defending the conscientious skill of the settling defendant.
Malpractice defendants do not always adopt these tactics, but nothing justifies offering them the opportunity. In my view, it would be unsound to make the outcome depend, as the majority hints, on ad hoc judicial evaluations of the potential prejudicial results of granting eleventh hour motions to amend to add contribution claims. Litigation should be more orderly and predictable.
It is a mystery to me what purpose is served by giving Dr. Latta the benefit of a litigation posture he and his lawyer deliberately chose not to adopt until after his co-defendant settled. The result of so indulging him is clear and unnecessary. It is to render uncollectible $100,000 of the $150,000 in damages plaintiff suffered at the hands of two negligent physicians.
I would reverse.
NOTES
[1] We address here the applicable provisions of the Comparative Negligence Act in effect in August 1983, when plaintiff's cause of action arose. We note, however, recent amendments to this statute primarily involving liability of social hosts (N.J.S.A. 2A:15-5.2) and sharply restricting joint and several liability under certain circumstances (N.J.S.A. 2A:15-5.3). See L. 1987, c. 325, §§ 1 and 2, eff. December 18, 1987; L. 1987, c. 404, § 4, eff. January 14, 1988.
[2] Consider this scenario: when the plaintiff announces his settlement with the co-defendant, the non-settling defendant is granted leave to amend his pleadings to assert a cross-claim. The cross-claim is filed and immediately dismissed as barred by the settlement. Surely the rights and liabilities of plaintiff and the non-settling defendant should not turn on the performance of this little gavotte.
[1] The way it works at trial when one of two defendants with cross-claims settles is exemplified by Dimogerondakis v. Dimogerondakis, 197 N.J. Super. 518 (Law Div. 1984). Note that Cartel and Rogers are also cases involving defendants who had filed claims for contribution.