GEORGE POLYARD, AS ADMINISTRATOR *AD PROSEQUENDUM* FOR THE HEIRS AT LAW OF DOROTHY FERREIRA, DECEASED, AND GENERAL ADMINISTRATOR OF THE ESTATE OF DOROTHY FERREIRA, DECEASED, AND HERBERT FERREIRA, PLAINTIFF-APPELLANT, v. DAVID TERRY AND JOYCE HEIL, DEFENDANTS, AND STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 5, 1979—Decided May 17, 1979.

*Mr. Harold N. Springstead* argued the cause for appellant (*Messrs. Aronsohn, Kahn & Springstead* and *Mr. Joseph L. Kramer,* attorneys).

*Mr. Stephen Skillman,* Assistant Attorney General, argued the cause for respondent (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. Thomas F. Marshall,* Deputy Attorney General, on the brief).

PER CURIAM. The judgment is affirmed substantially for the reasons expressed in the opinion of the Appellate Division.

PASHMAN, J., dissenting. I dissent. After a proper charge from the trial judge, the jury concluded that all elements necessary to maintain a claim against the State were proven. Nonetheless, the majority holds that plaintiff is not entitled to recover the damages awarded. In reaching this result, the majority disregards the strictures of prior caselaw and substitutes its judgment for that of the jurors. I cannot accept this abrogation of the jury's function.

The standard governing a motion for involuntary dismissal, *R.* 4:37–2(b), or judgment *n.o.v., R.* 4:40–2, was authoritatively enunciated in *Dolson v. Anastasia,* 55 *N. J.* 2 (1969). We there announced the proper test to be:

whether "the evidence, together with the legitimate inferences therefrom, could sustain a judgment in * * * favor" of the party opposing the motion, *i. e.,* if, accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the motion must be denied.

[55 *N. J.* at 5]

In applying this limited standard, the court may not consider the "worth, nature or extent" of the evidence presented but must decide only whether the bare "scintilla" necessary to sustain a judgment exists. *Id.* at 5–6.

Although the evidence here was not overwhelming, the trial court was correct in ruling that "there was sufficient credible evidence from which the jury could have found adversely to the State." *Polyard v. Terry,* 148 *N. J. Super.*

202, 218 (Law Div. 1977). The majority, in denying the presence of this necessary scintilla, in effect acts as a "thirteenth and decisive juror" contrary to the dictates of *Dolson v. Anastasia*, 55 *N. J.* at 6. Because I find such a departure from precedent unwarranted, I would reverse the Appellate Division and reinstate the jury verdict.

*For affirmance*—Chief Justice HUGHES and Justices MOUNTAIN, CLIFFORD, SCHREIBER and HANDLER—5.

*For reversal*—Justice PASHMAN—1.