NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4162-14T1

HAZEL CHERRY,

 Plaintiff-Appellant,
v.

CITY OF NEWARK,

 Defendant-Respondent,

and

J. FLETCHER CREAMER &
SONS, and VERIZON,

 Defendants.

______________________________

 Submitted November 15, 2016 – Decided May 17, 2017

 Before Judges Rothstadt and Sumners.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-1165-
 13.

 Vincent M. Russo, attorney for appellant.

 Willie L. Parker, Corporation Counsel,
 attorney for respondent (Steven F. Olivo,
 Assistant Corporation Counsel, on the brief).

PER CURIAM
 Plaintiff, Hazel Cherry, appeals from the Law Division's

order granting defendant, City of Newark, summary judgment and

dismissing her complaint with prejudice.1 Plaintiff alleged in

her complaint that she fell and injured her arm due to a defect

in a crosswalk. The motion judge granted defendant's application

because plaintiff could not establish defendant's liability under

the Tort Claims Act (TCA), N.J.S.A. 59:-1 to 12-3, as plaintiff

failed to present any evidence that defendant had notice of the

alleged dangerous condition. On appeal, plaintiff contends that

the evidence she submitted to the court, including photographs and

proof that work had been performed in the area of the defect, was

sufficient to withstand summary judgment. We disagree and affirm.

 We derive the following material facts from the evidence

submitted by the parties on defendant's summary judgment motion,

viewed in a light most favorable to plaintiff, the non-moving

party. Polzo v. Cty. of Essex, 209 N.J. 51, 56 n.1 (2012) (Polzo

II) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520,

523 (1995)). Plaintiff fell in a crosswalk on a street in Newark

on June 6, 2012, and injured her arm. In her complaint, plaintiff

1
 Plaintiff's claims against defendants J. Fletcher Creamer &
Sons and Verizon were dismissed with prejudice pursuant to the Law
Division's April 10, 2015 order, which is not the subject of this
appeal.

 2 A-4162-14T1
alleged that her fall was caused by "cracked and uneven asphalt"

in a crosswalk.2 Plaintiff did not submit any expert's report

regarding the cause of her fall or the nature of the street's

defective condition or how long it existed. Rather, plaintiff

relied upon certain photographs and work permits issued by

defendant and other public information regarding the area near the

defect to establish defendant's liability.

 The photographs plaintiff relied upon that were taken of the

area shortly after her fall depicted spray paint markings in the

area typically used to identify the location of underground

utilities. According to plaintiff, it was reasonable to infer

that when the spray paint was used, the defect already existed,

so defendant had notice of its existence. Moreover, the

accumulation of dirt, plant life, and debris depicted in the

photograph of the depression also supported the inference that the

defect pre-existed her fall. In addition, plaintiff asserts a

subsequent photograph, taken a year after the fall, shows another

"pothole" in line with the one that caused plaintiff's fall, which

plaintiff posits constitutes evidence that the original pothole

stemmed from an underground cave-in.

2
 At oral argument before the motion judge, plaintiff's counsel
referred to it as a pothole.

 3 A-4162-14T1
 Plaintiff also relied upon permits issued by defendant in

2011. According to plaintiff, defendant had earlier issued

construction permits that allowed a utility company and a

construction entity to make borings in the general area of the

accident eleven months earlier. In addition, she claims that

defendant also performed work in the area at some point prior to

her fall, and it had received complaints from other people about

the condition of the street in general, but not about the

particular defect.

 At oral argument before Judge Stephen J. Taylor, plaintiff's

counsel referred to submissions made to the court that evidently

included "transcripts" of witnesses' testimony, municipal records,

and photographs. Defense counsel also referred to plaintiff's and

other witnesses' deposition testimony and the photographs relied

upon by plaintiff in opposition to defendant's motion.

 After considering counsels' oral arguments, Judge Taylor

granted defendant's motion, placing his reasons on the record.

The judge initially found "sufficient evidence of a permanent

injury [and] the permanent loss of a bodily function" to present

to a jury. Turning to the issue of notice, the judge found the

facts presented to be similar to those considered by the Supreme

Court in Polzo v. County of Essex, 196 N.J. 569 (2008) (Polzo I).

He concluded that, while the photographs he considered established

 4 A-4162-14T1
the existence of "a depression in the crosswalk," which defendant

did not argue was not a dangerous condition, there was no proof

that defendant had any actual prior notice of the condition. The

judge then considered the case law applicable to determining

whether a public entity had constructive notice of a dangerous

condition. Judge Taylor observed that it was plaintiff's

obligation to establish that "the condition had existed for such

a period of time and was of such an obvious nature that the public

entity [through] the exercise of due care should have discovered

the condition or its dangerous character." Although the judge

found other deficiencies in plaintiff's proofs, he stated,

however, that the "main reason" for granting summary judgment was

the "lack of evidence regarding how long that pothole existed."

The judge stated: "There's no expert report here indicating what

caused the pothole or an opinion on how long that condition existed

in the crosswalk." According to the judge, a jury would have to

"engage in guess work and speculation in order to determine how

long that [pothole] existed or the depression."

 After concluding his statement of reasons, Judge Taylor

entered an order granting defendant's motion. This appeal

followed.

 Plaintiff argues on appeal that her opposition to defendant's

motion established sufficient evidence to create "questions of

 5 A-4162-14T1
fact satisfying the requirements of N.J.S.A. 59:4-2" and that her

injuries constituted a "permanent loss of a bodily function within

the meaning of the TCA, N.J.S.A. 59:9-2(D) so as to justify the

denial of summary judgment." We find no merit to the former

contention and, therefore, no need to address the latter.

 We begin our review by observing that plaintiff failed to

satisfy her obligation to support her appeal with an appendix

containing the submissions made to the motion judge as required

by Rule 2:6-1(a)(1). "[T]he Rule was obviously intended to

precisely identify for the reviewing court that which was presented

to the trial court 'on the motion for summary judgment,' regardless

of how the motion was decided." Noren v. Heartland Payment Sys.,

____ N.J. Super. ____, ____ (App. Div. 2017) (slip op. at 2-3)

(quoting Lombardi v. Masso, 207 N.J. 517, 542 (2011)). Plaintiff

here only provided an appendix that included the pleadings, orders,

transcript of the oral argument, the motion judge's decision, and

copies of photographs without any certification. The Rule requires

that the appendix contain a "statement of all items submitted to

the [trial] court" and copies of those items. R. 2:6-1(a)(1). As

noted, the transcript made reference to various items being

considered by Judge Taylor which, along with the motions papers,

were not included in the appendix.

 6 A-4162-14T1
 Nevertheless, after considering the limited record that was

provided, we conclude the motion judge correctly granted

defendant's motion. We find plaintiff's arguments to the contrary

to be without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the

reasons stated by Judge Taylor in his thorough oral decision. We

add only the following comments.

 We review the trial court's grant of summary judgment de novo

and apply the same standard as the trial court. Cypress Point

Condo. Ass'n v. Adria Towers, LLC, 226 N.J. 403, 414 (2016).

Summary judgment must be granted if there is no genuine issue of

material fact challenged and the moving party is entitled to

judgment as a matter of law. R. 4:46-2. Thus, we consider

"whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." Liberty Surplus Ins.

Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting

Brill, supra, 142 N.J. at 536).

 Applying that standard and the provisions of the TCA, we

conclude defendant was entitled to summary judgment because

plaintiff failed to establish defendant had notice of the condition

in the crosswalk that allegedly caused her fall.

 7 A-4162-14T1
 "Potholes and depressions are a common feature of our

roadways. However, 'not every defect in a highway, even if caused

by negligent maintenance, is actionable.'" Polzo II, supra, 209

N.J. at 64 (quoting Polyard v. Terry, 160 N.J. Super. 497, 508

(App. Div. 1978), aff'd o.b., 79 N.J. 547 (1979)). In order to

recover for an injury caused by such defects, a plaintiff must

prove all of the criteria of the TCA. See id. at 66.

 Under the TCA, "immunity from tort liability is the general

rule [for a public entity] and liability is the exception." Polzo

I, supra, 196 N.J. at 578 (citations omitted). It states in

relevant part that a public entity may be held liable for an injury

sustained that was proximately caused by a dangerous condition on

a public property. N.J.S.A. 59:4-2. Liability will be found if

"a public entity had actual or constructive notice of the dangerous

condition under [N.J.S.A.] 59:4-3 a sufficient time prior to the

injury to have taken measures to protect against the dangerous

condition." N.J.S.A. 59:4-2(b). "A public entity shall be deemed

to have actual notice of a dangerous condition . . . if it had

actual knowledge of the existence of the condition and knew or

should have known of its dangerous character." N.J.S.A. 59:4-

3(a). "A public entity shall be deemed to have constructive notice

of a dangerous condition . . . only if the plaintiff establishes

that the condition had existed for such a period of time and was

 8 A-4162-14T1
of such an obvious nature that the public entity, in the exercise

of due care, should have discovered the condition and its dangerous

character." N.J.S.A. 59:4-3(b). "Whether a public entity is on

actual or constructive notice of a dangerous condition is measured

by the standards set forth in N.J.S.A. 59:4-3(a) and (b), not by

whether [for example] 'a routine inspection program' by the [public

entity] . . . would have discovered the condition." Polzo II,

supra, 209 N.J. at 68.

 "[P]laintiff [has not] show[n], even under the indulgent

summary-judgment standard of review, that the . . . depression

'was of such an obvious nature that the public entity, in the

exercise of due care, should have discovered the condition and its

dangerous character.'" Id. at 75 (quoting N.J.S.A. 59:4-3(b)).

Plaintiff's reliance on photographs taken after the accident and

an alleged history of work permits and complaints pertaining only

to the surrounding area established neither actual nor

constructive notice of the alleged dangerous condition. Plaintiff

has presented no competent evidence - much less expert proof — as

to the length of time the depression existed. Nothing in the

summary judgment record suggests that any complaints or accidents

concerning the depression were ever reported to defendant.

Consequently, we conclude that no reasonable jury could have

concluded that defendant had actual or constructive notice of the

 9 A-4162-14T1
condition in the crosswalk a sufficient time prior to the injury

to have taken measures to protect against it. The grant of summary

judgment in favor of defendant was proper.

 Affirmed.

 10 A-4162-14T1