**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4344-14T3

LEONIDES STERGIOS and
PETER STERGIOS, her husband,

      Plaintiffs-Appellants,

v.

NEW JERSEY TRANSIT CORP., NEW
JERSEY TRANSIT BUS OPERATIONS, INC.,
and PAUL LOWNEY,

      Defendants,

and

HARRINGTON PARK BOROUGH,

      Defendant-Respondent.

_____

Submitted June 28, 2016 — Decided  September 5, 2017

Before Judges Espinosa and Grall.

On appeal from the Superior Court of New
Jersey, Law Division, Bergen County, Docket
No. L-5478-13.

McCarter & English, LLP, attorneys for
appellants (Edward J. Fanning, Jr., of
counsel and on the brief; Desiree Grace, on
the brief).

Keenan & Doris, LLC, attorneys for
respondent (Ian C. Doris, of counsel;
Bernadette M. Peslak, on the brief).

PER CURIAM

Plaintiff Leonides Stergios was hit by a bus. She and her husband Peter (collectively plaintiffs) filed a civil action naming the New Jersey Transit Corp., New Jersey Transit Bus Operations, Inc. and the driver, Paul Lowney. Invoking the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 59:12-3, plaintiffs also sued the Borough of Harrington Park (Borough). As to the Borough, plaintiffs alleged the dangerous condition of the Borough's property, as defined in N.J.S.A. 59:4-1 to -3, contributed to the accident.

Plaintiffs settled their claims against the driver and New Jersey Transit, and the trial court dismissed them with prejudice. Plaintiffs appeal a grant of the Borough's motion for summary judgment, and the Borough does not contend it was entitled to immunity pursuant to N.J.S.A. 59:4-6. Accordingly, the question is whether the evidence submitted on the motion, viewed in the light most favorable to plaintiffs, establishes the Borough's entitlement to judgment as a matter of law on plaintiff's claim. R. 4:46-2(c); Bhagat v. Bhagat, 217 N.J. 22, 38 (2014). The trial court was required to apply that standard,

and this court must apply it on appeal.  Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349 (2016).

The evidence, viewed favorably to plaintiffs, can be summarized as follows.  Shortly before 5:30 p.m. on August 10, 2011, plaintiff Leonides Stergios and the six to eight other passengers remaining on the commuter bus disembarked at a sheltered bus stop.  The sheltered bus stop is situated in a park owned by the Borough, which is adjacent to the Garden State Parkway.  Employees of the Borough's Department of Public Works erected the shelter behind a curb they also installed.

The shelter is at the curb on a one way street and on Borough property.  It is not an official stop.  Nevertheless, the driver regularly drove this route twice a day five days a week and generally stopped there as a courtesy, as did other drivers.  Travelling in the proper direction, the driver entered the narrow roadway leading to the stop and stopped with the bus faced to continue down the street so he could return the bus to the garage.

There were no sidewalks leading from the shelter to the nearby parking lot farther down the street where plaintiff had left her car.  She walked in the street beside the curb to get to her car, because there was a hedgerow sufficiently proximate to the curb to preclude her walking on the ground beyond the

curb.  The lay-out of the street, its narrow width, the curb and the proximity of the hedgerow is depicted in photographs submitted on the motion.

As the driver moved on he did not notice plaintiff, hit her and drove one wheel over her leg.  The seriousness and permanency of plaintiff's multiple and complex injuries was undisputed.  There was no evidence the Borough made any effort to deter New Jersey Transit from allowing its drivers to stop at the shelter erected by its employees.

The TCA defines the cause of action.  N.J.S.A. 59:4.2 states the essential elements as follows:

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> > a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
> >
> > b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

> Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.

A "'dangerous condition' is defined in the Act as 'a condition of property that creates a <u>substantial risk</u> of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used.'" <u>Ogborne v. Mercer Cemetery Corp.</u>, 197 <u>N.J.</u> 448, 458 (2009) (emphasis added) (quoting <u>N.J.S.A.</u> 59:4-1(a)). A "substantial risk" is "one that is not minor, trivial or insignificant." <u>Kolitch v. Lindedahl</u>, 100 <u>N.J.</u> 485, 493 (1985) (quoting <u>Polyard v. Terry</u>, 160 <u>N.J. Super.</u> 497, 509 (App. Div. 1978), <u>aff'd o.b.</u>, 79 <u>N.J.</u> 547) (1979)).

Given the location of a parking lot beyond the bus stop, a jury could reasonably conclude there was a substantial risk that a commuter returning to a car from the bus stop and having no other route but the roadway would be struck by a vehicle from behind. A jury could also reasonably infer the Borough had actual notice of the relative locations of the shelter stop, curb and parking lot, the hedgerow and the absence of a guardrail and sidewalks. Indeed, a reasonable jury could infer

the Borough exacerbated the risk by erecting this shelter at the curb.

The Borough argues that even if it had actual or constructive notice, the evidence would not permit a jury to find its failure to correct the condition was "palpably unreasonable." N.J.S.A. 59:4.2. Conduct is palpably unreasonable when "it [would] be manifest and obvious that no prudent person would approve of [the public entity's] course of action or inaction." Kolitch, supra, 100 N.J. at 485 (quoting Polyard v. Terry, 148 N.J. Super. 202, 216 (Law Div. 1977), rev'd on other grounds, 160 N.J. Super. 497 (App. Div. 1978), aff'd o.b., 79 N.J. 547 (1979)). In this case, a jury could find that no prudent person would approve of the Borough's inaction despite multiple options for diminishing the risk enhanced by the shelter's location. The apparent options include installation of sidewalks or guardrails, removal of hedges to provide a pathway other than the narrow roadway, removal of the shelter it erected or erecting a sign barring bus drivers' and commuters' use of the shelter at the curb as a courtesy bus stop.

Focusing on plaintiff's and the bus driver's patently negligent conduct, the Borough contends that no reasonable jury could find the condition of its property was a proximate cause

of this accident.  But it is well-settled that "[w]ith respect to concurrent proximate causation, a tortfeasor will be held answerable if its 'negligent conduct was a substantial factor in bringing about the injuries,' even where there are 'other intervening causes which were foreseeable or were normal incidents of the risk created.'"  Brown v. United States Stove Co., 98 N.J. 155, 171 (1984) (quoting Rappaport v. Nichols, 31 N.J. 188, 203 (1959)).  A reasonable jury applying that measure on this evidence could find in plaintiff's favor.

For all of the foregoing reasons, we conclude summary judgment was improvidently granted, vacate the judgment in the Borough's favor and remand for further proceedings.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4344-14T3