**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0763-16T3

LOUELLA FRISON,

    Plaintiff-Appellant,

v.

A-1 LIMOUSINE, INC., ANDRE
WILLIAMS, TRENTON-MERCER
AIRPORT, MERCER COUNTY, and
MERCER COUNTY DEPARTMENT OF
TRANSPORTATION,

    Defendants-Respondents.

_____

Submitted November 1, 2017 — Decided November 21, 2017

Before Judges Fuentes and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Docket No.
L-1069-15.

Timothy J. Alles (Louis B. Himmelstein &
Associates, PC) attorney for appellant.

Sweeney & Sheehan, PC, attorneys for
respondents A-1 Limousine and Andre Williams
(F. Herbert Owens, III, on the brief).

Arthur R. Sypek, Jr., Mercer County Counsel,
attorney for respondents Trenton-Mercer
Airport, Mercer County and Mercer County
Department of Transportation (Stephanie R.

D'Amico, Assistant County Counsel, on the brief).

PER CURIAM

Plaintiff Louella Frison appeals from two orders granting summary judgment; one in favor of the non-public entity defendants, A-1 Limousine, Inc. (A-1) and Andre Williams, and the other in favor of Trenton Mercer Airport, Mercer County, and Mercer County Department of Transportation and Infrastructure (the Mercer County defendants). We affirm.

Viewing the evidence most favorably to Frison per Rule 4:46-2(c); Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520 (1995), we find the following facts.

Around 11 p.m. on July 8, 2013, Frison, in the company of friends and family, was returning home after a flight from New Orleans to Trenton Mercer County Airport. They all utilized a shuttle bus service provided by A-1 to travel to a remote parking lot used by the airport's customers. The driver of the bus, Andre Williams, dropped Frison off in an unilluminated area of the gravel-surfaced lot. While stepping off the bus, Frison lost her footing and fell to the ground. Frison suffered a tear in the meniscus of her left knee and fractured a bone in her right foot.

On June 10, 2016, A-1 and Andre Williams filed a motion for summary judgment prior to the August 11, 2016 discovery end date.

On July 8, 2016, the Mercer County defendants filed a motion for summary judgment. Oral argument on both motions was conducted before the Law Division. Upon completion, the judge granted both motions by orders dated September 9, 2016. This appeal followed.

On appeal, Frison raises the following arguments:[1]

POINT I

THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, A-1 LIMOUSINE AND ANDRE WILLIAMS BECAUSE THESE DEFENDANTS ACTED UNREASONABLY IN DROPPING PLAINTIFF/APPELLANT OFF IN A DANGEROUSLY DARK PORTION OF THE GRAVEL PARKING LOT.

POINT II

THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, TRENTON MERCER AIRPORT, MERCER COUNTY, AND MERCER COUNTY DEPARTMENT OF TRANSPORTATION AND INFRASTRUCTURE BECAUSE THESE DEFENDANTS ACTED IN A PALPABLY UNREASONABLE MANNER BY NOT INSTALLING ANY LIGHTS IN THE REMOTE PARKING LOT WHERE PLAINTIFF/APPELLANT FELL AND THEREFORE THE MERCER COUNTY DEFENDANTS ARE NOT IMMUNE.

POINT III

THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, TRENTON MERCER AIRPORT, MERCER COUNTY, AND MERCER COUNTY DEPARTMENT OF TRANSPORTATION AND

_____

[1] Frison references in her brief that the motion was filed before the end of the discovery period, yet she has not argued that the motions were premature. In the ordinary course, arguments not raised on appeal are deemed waived. Zaman v. Felton, 219 N.J. 199, 227 (2014).

INFRASTRUCTURE BECAUSE THE PLAINTIFF HAS MEDICAL BILLS IN EXCESS OF [$3600] AND HAS SUFFERED A SIGNIFICANT AND PERMANENT LOSS OF BODILY FUNCTION BECAUSE OF THIS ACCIDENT AND THEREFORE THE MERCER COUNTY DEFENDANTS ARE NOT IMMUNE.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014)). "Summary judgment must be granted 'if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)).

Thus, we consider, as the trial judge did, whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. (quoting Brill, supra, 142 N.J. at 540). If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007), certif. denied, 195 N.J. 419 (2008) (citing

<u>Prudential Prop. & Cas. Co. v. Boylan</u>, 307 <u>N.J. Super.</u> 162, 167 (App. Div.), <u>certif. denied</u>, 154 <u>N.J.</u> 608 (1998)). We accord no deference to the trial judge's conclusions on issues of law and review issues of law de novo. <u>Nicholas v. Mynster</u>, 213 <u>N.J.</u> 463, 478 (2013).

We first address Frison's claim of error in granting summary judgment on behalf of the Mercer County defendants. Having considered the discovery record, we conclude that Frison's claim that the Mercer County defendants allowed a dangerous condition to exist on its premises, i.e., a poorly illuminated gravel parking lot, is without basis in fact and fails as a matter of law.

The claim by Frison is governed by the Tort Claims Act (TCA). <u>N.J.S.A.</u> 59:1-1 to 12-3. <u>N.J.S.A.</u> 59:4-2 provides that a public entity is liable if a plaintiff establishes: (1) the public property was in a dangerous condition at the time of the injury; (2) the injury was proximately caused by the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred; and (4) a negligent or wrongful act or omission of a public employee created the dangerous condition, or a public entity had actual or constructive notice of the condition. Additionally, a public entity is not liable for a dangerous condition of its property if "the action the entity

took to protect against the condition or the failure to take such action was not palpably unreasonable." N.J.S.A. 59:4-2.

The heightened "palpably unreasonable" standard applies to dangerous conditions of public property, and is intended to comport with the principles of liability used by the courts for local public entities in their capacity as landowners. Margolis & Novack, Claims Against Public Entities, 1972 Task Force Comment on N.J.S.A. 59:4-2 (2016). Although the statute has been broadly applied, it is nevertheless limited to instances where a dangerous condition of public property itself is at issue. Ibid.; Ogborne v. Mercer Cemetery Corp., 197 N.J. 448, 459-60 (2009).

The TCA defines a "dangerous condition" as "a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). The condition must present a "substantial risk of injury" to be actionable. Polyard v. Terry, 160 N.J. Super. 497, 508 (App. Div. 1978), aff'd, 79 N.J. 547 (1979). It cannot be "minor, trivial or insignificant." Id. at 509.

Considered in light of the controlling law, we conclude Frison has not demonstrated that a "dangerous condition" existed in the parking lot at the time of the incident. Other than the argument that the lot's surface was gravel, Frison provided no proof that

the condition was dangerous such that it presented a substantial risk of injury. As well, Frison provided no proof that, if a dangerous condition did exist, it was the cause of the injury and that the public entities had actual or constructive notice of the condition.[2] Consequently, Frison's claim of the existence of a dangerous condition fails. Thus, we do not need to address the issue whether the Mercer County defendants' conduct was "palpably unreasonable."

The judge also granted summary judgment after finding that Frison failed to prove the accident caused her to suffer a "substantial loss of a bodily function." Given our determination regarding the lack of proofs relating to a dangerous condition, we do not need to address whether Frison's injuries were compensable under the TCA. See N.J.S.A. 59:9-2(d); Gilhooley v. Cty. of Union, 164 N.J. 533 (2000).

We next address whether it was error to dismiss Frison's claims against A-1 and Williams. "[A] negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and

---

[2] Although we view the proofs adduced during discovery in a light favorable to Frison, it is without factual dispute that prior to this incident, the Mercer County defendants had no record of individuals falling in this lot or of complaints regarding the lighting in the lot.

A-0763-16T3

(4) damages." Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013). "[W]hether a defendant owes a legal duty to another and the scope of that duty are generally questions of law for the court to decide." Robinson v. Vivirito, 217 N.J. 199, 208 (2014) (citing Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 572 (1996)).

"[N]o bright line rule . . . determines when one owes a legal duty to prevent a risk of harm to another." Wlasiuk v. McElwee, 334 N.J. Super. 661, 666 (App. Div. 2000). The imposition of a duty depends on the interplay of many factors, including: (1) the relationship of the parties; (2) the nature of the attendant risk; (3) the opportunity and ability to exercise care; and (4) the public interest in the proposed solution. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993) (citing Goldberg v. Housing Auth., 38 N.J. 578, 583 (1987)). "Ultimately, [New Jersey] Supreme Court cases repeatedly emphasize that the question of whether a duty exists is one of 'fairness' and 'public policy.'" Wlasiuk, supra, 334 N.J. Super. at 666-67 (quoting Hopkins, supra, 132 N.J. at 439).

Applying these factors, we conclude that plaintiff has not established a legal basis to impose a duty of care on A-1 and Williams under the circumstances presented. A-1 transported Frison to an area of the parking lot and dropped her off. Frison

A-0763-16T3

made no claim and offered no proofs that the vehicle's condition caused her to fall. A-1 did not own, operate or maintain the parking lot. Further, there was no proof that A-1 or Williams had notice of any condition of the lot as to implicate a duty to warn. In sum, from our independent de novo review of the record developed before the motion judge, we cannot conclude A-1 or Williams had knowledge or should have had knowledge of the parking lot's alleged dangerous condition such as to impose a duty to rectify the condition or to warn Frison of its presence.

Aside from our determination that A-1 and Williams did not breach their duty to Frison, when considering traditional notions of liability, i.e., reasonable care commensurate with the risk of harm and the lack of foreseeability, we determine that fairness considerations militate against imposing a duty.

Finally, although not addressed by the motion judge, we view the equality of Frison's knowledge of the lighting conditions of the parking lot to that of A-1 and Williams as relevant. Assuming that the area was "dimly lit," this condition was readily observable by Frison. On this score, we hold A-1 and Williams cannot be liable due to Frison's failure to use due care. See Berger v. Shapiro, 30 N.J. 89, 99 (1959).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0763-16T3