**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2024-19T3

DORIAN DUMAS and DEBORAH
DUMAS, husband and wife,

    Plaintiffs-Appellants,

v.

CITY OF ATLANTIC CITY,

    Defendant-Respondent.

_____

Argued December 8, 2020 – Decided  December 24, 2020

Before Judges Yannotti and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1874-16.

R.C. Westmoreland argued the cause for appellants (Westmoreland Vesper Quattrone & Beers, PA, attorneys; R.C. Westmoreland, on the briefs).

Erin R. Thompson argued the cause for respondent (Birchmeier & Powell, LLC, attorneys; Erin R. Thompson, on the brief).

PER CURIAM

Plaintiff Dorian Dumas appeals from the Law Division's December 9, 2019 order, which granted defendant City of Atlantic City's motion for summary judgment and dismissed plaintiff's complaint for failure to satisfy the requirements of the New Jersey Tort Claims Act. N.J.S.A. 59:1-1 to -14.4 (the Act).[1] We affirm.

Because this matter comes to us from the trial court's grant of summary judgment in favor of defendant, the moving party, we view the evidence in the light most favorable to plaintiff. Polzo v. Cnty of Essex, 209 N.J. 53, 56 n.1 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)).

On August 25, 2014, plaintiff was walking on the Atlantic City boardwalk when his right foot got caught on a single raised wood board, which caused plaintiff to stumble. Plaintiff never fell to the ground, but asserted that he twisted his ankle, strained his hip, and suffered other injuries when he stumbled. The next day, plaintiff took several photographs of the raised board. However, he never reported the incident to anyone affiliated with defendant.

Four years later, plaintiff's expert inspected the area and opined that a raised screw, with a depth of about three-quarters to one inch, on the boardwalk

---

[1] Plaintiff's wife, Deborah Dumas, also claimed loss of consortium as a result of her husband's injuries.

A-2024-19T3

caused the board to rise and plaintiff to stumble. The expert opined that the defect had existed for some time prior to the August 25, 2014 incident.

Defendant employs a boardwalk inspector. At his deposition, the inspector testified he inspected the boardwalk five days a week, Monday through Friday. A supervisor also patrolled the boardwalk to look for defects, and defendant had carpenters who walked the boardwalk each day to replace boards when needed. In addition, trash collectors looked for defects while performing their assigned duties. Some of the patrols are conducted in a vehicle, while others are performed on foot.

Based upon these undisputed facts, Judge Christine Smith granted defendant's motion for summary judgment. Judge Smith found that the alleged defect was not a dangerous condition under the Act because the one loose board was not "a condition of property that create[d] a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). As the judge explained in her thoughtful written opinion:

> Here, both parties concede that the alleged condition existed as of the date of the injury in August 2014. However, this court concludes that no reasonable jury could find a three-fourths (3/4) inch to one (1) inch rise in a single board gives rise to a substantial risk of injury. Plaintiff presented no evidence that the

condition was created by any action on the part of the City of Atlantic City or any of its employees. Additionally, the mere existence of a minor elevation in a single board is not enough to create a substantial risk of injury. Therefore, no reasonable juror could find that the elevated board created a dangerous condition that posed a substantial risk of injury.

Judge Smith further found that even if the raised board met the definition of a dangerous condition, defendant's actions or omissions regarding the condition were not palpably unreasonable. The judge stated:

> Even if the elevation did create a dangerous condition, plaintiff would still need to establish that the City of Atlantic City['s] actions and/or omissions were palpably unreasonable. Kolitch [v. Lindedahl, 100 N.J. 485, 492-93 (1985).] Here, the City of Atlantic City's employees inspect the boardwalk every day. In addition, the superintendent, [the] supervisor of the City Inspector[,] and other individuals patrol the boardwalk, some by vehicle, looking for issues Monday through Friday. Moreover, carpenters are hired by the City to engage in daily repairs and replacements of the boards. Plaintiff presented no evidence of past accidents or incidents occurring in the alleged area of plaintiff's stumble, which would illustrate that defendant should have known to inspect that specific area more frequently. Additionally, the fact that defendant used a vehicle to patrol for defects does not illustrate palpably unreasonable conduct as other individuals were also searching for defects on foot. As such, this court finds that defendant's inspection of the boardwalk was not palpably unreasonable and therefore, summary judgment is appropriate.

This appeal followed.

4

On appeal, plaintiff argues that he presented sufficient evidence to show there was a dangerous condition on the boardwalk, defendant had actual or constructive notice of the condition, and defendant's failure to correct the defect was palpably unreasonable. We disagree.

In reviewing a grant of summary judgment, we apply the same standard under Rule 4:46-2(c) that governs the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349-50 (2016). We consider the factual record, and reasonable inferences that can be drawn from those facts, "in the light most favorable to the non-moving party" to decide whether the moving party was entitled to judgment as a matter of law. IE Test, LLC v. Carroll, 226 N.J. 166, 184 (2016) (citing Brill, 142 N.J. at 540).

In light of this standard of review, we discern no basis for disturbing Judge Smith's determination. We therefore affirm substantially for the reasons set forth in her written opinion and add the following comments.

N.J.S.A. 59:4-2 prescribes when a public entity may be liable for a dangerous condition on public property:

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition

A-2024-19T3

created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his [or her] employment created the dangerous condition; or

b. a public entity had actual or constructive notice of the dangerous condition under [N.J.S.A.] 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.

[N.J.S.A. 59:4-2.]

Thus, liability only attaches if the plaintiff can show

[1] that the property was in a dangerous condition at the time of the injury; [2] that the injury was proximately caused by the dangerous condition; [3] that the dangerous condition created a reasonably foreseeable risk of the kind of injury that was incurred; and [4] that a public employee created the dangerous condition or that the public entity had notice in time to protect against the condition itself.

[Kolitch, 100 N.J. at 492.]

In addition, "there can be no recovery unless the action or inaction on the part of the public entity in protecting against the condition was 'palpably unreasonable.'" Id. at 492-93.

As noted above, the Act defines a "dangerous condition" as "a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a) (emphasis added). Our Supreme Court has defined "substantial risk" as "one that is not minor, trivial or insignificant." Kolitch, 100 N.J. at 493. Thus, even if the risk is foreseeable, it still may not rise to the threshold of dangerousness required to satisfy this requirement.

Applying this standard, we conclude, as did Judge Smith, that no reasonable jury could find the three-quarters to one inch raised screw gave rise to a substantial risk of injury. We have previously examined what constitutes a "substantial risk of injury" in the context of pedestrian hazards on public sidewalks and roadways. See, e.g., Atalese v. Long Beach Twp., 365 N.J. Super. 1, 3-6 (App. Div. 2003) (finding a substantial risk of injury where "a significant rectangular portion of the pavement in the bike lane [was] depressed for a distance of approximately one block"); Wilson v. Jacobs, 334 N.J. Super. 640, 648-49 (App. Div. 2000) (upholding summary judgment for municipality where

there was a noticeable gap between sidewalk pavers because this did not constitute a dangerous condition).

Here, the alleged defect was a raised screw that enabled a single board on the boardwalk to rise three-quarters to one inch when someone stepped on the end of it. There was no evidence that the condition of the board was caused by any action on the part of defendant or any of its employees. The mere existence of a slight elevation of this kind is not sufficient, in itself, to support a finding that there is a substantial risk of injury. Under these circumstances, viewed most favorably to plaintiff, we conclude no reasonable jury could find such a slight change in elevation on a single board in a long stretch of boardwalk creates a substantial risk of injury to the public.

Even if this were not the case, we also agree with Judge Smith's determination that plaintiff failed to show that "the action or inaction on the part of the public entity in protecting against the condition was 'palpably unreasonable.'" Kolitch, 100 N.J. at 492-93. First, it should be noted that "[a]lthough ordinarily the question of whether a public entity acted in a palpably unreasonable manner is a matter for the jury, in appropriate circumstances, the issue is ripe for a court to decide on summary judgment." Polzo, 209 N.J. at 75 n.12.

8

The "palpably unreasonable" standard is beyond ordinary negligence. "[T]he term implies behavior that is patently unacceptable under any given circumstance." Kolitch, 100 N.J. at 493. Indeed, "for a public entity to have acted or failed to act in a manner that is palpably unreasonable, 'it must be manifest and obvious that no prudent person would approve of its course of action or inaction.'" Ibid. (quoting Polyard v. Terry, 148 N.J. Super. 202, 216 (Law Div. 1977), rev'd on other grounds, 160 N.J. Super. 497 (App. Div. 1978), aff'd o.b. 79 N.J. 547 (1979)). We have stated that "[t]he test requires consideration of what the [public entity] did in the face of all of the attendant circumstances, including, of course, the extent of the known danger and what it considered to be the need for urgency." Schwartz v. Jordan, 337 N.J. Super. 550, 555 (App. Div. 2001).

Our courts have frequently addressed this issue. In Polzo, the Court looked at a complaint in the death of a bicyclist who had fallen on "a circular depression" on the shoulder of a county road. 209 N.J. at 56-57. Noting that the county was responsible for maintaining an extensive network of roads, including the shoulder where the accident occurred, and that there were no prior complaints about injuries at the site, as well as the fact that the shoulder was generally intended to be used for vehicular travel, the Court concluded that the

county's failure to locate and fix the depression could not be considered "palpably unreasonable." Id. at 77-78. See also Garrison v. Twp. of Middletown, 154 N.J. 282, 311-12 (1998) (concluding that "[i]n view of the Township's responsibilities for maintaining significant areas of public property," its failure to find and repair a defect in a parking lot was not "palpably unreasonable"); Carroll v. N.J. Transit, 366 N.J. Super. 380, 387-89 (App. Div. 2004) (finding no "palpably unreasonable" conduct when plaintiff did not present proof of inspection standards and there was no history of similar complaints that would suggest a need for more frequent inspections of the area).

Here, plaintiff presented no evidence that defendant had actual or constructive notice of the condition of the board at any time prior to the August 25, 2014 incident. In addition, plaintiff has failed to raise a genuine issue of material fact as to whether defendant's action or inaction was "palpably unreasonable." Defendant's boardwalk inspector testified that the boardwalk is patrolled five days a week by employees on foot and in vehicles to look for defects. Other personnel are also assigned to monitor the condition of the boardwalk and fix any defects that are discovered. Nothing in the record suggests defendant should have known to check the area where plaintiff stumbled, as plaintiff presented no proof of similar accidents in the vicinity.

Thus, we conclude that defendant's inspection scheme was not palpably unreasonable.

In sum, we are satisfied that Judge Smith correctly determined that no reasonable jury could find that the alleged defect was a "dangerous condition" in that it posed a substantial risk of injury to the pedestrian public. And even if it did, the judge correctly concluded that no reasonable jury could find defendant's response or lack thereof to be palpably unreasonable.

All other arguments raised in this appeal, to the extent we have not addressed them, are without sufficient merit to be discussed. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2024-19T3